OPINION OF THE COURT
Bellacosa, J.
The Appellate Division ruled that defendant Kemper Insurance Company (Kemper) possessed a lien, under Workers’ Compensation Law §29 (1-a), against the full settlement recovery plaintiff Dietrick secured from the driver of the vehicle who hit and caused injury to her. The lien represents the amount of workers’ compensation payments from Kemper to Dietrick for permanent partial disability and serious facial disfigurement. We hold Kemper is not entitled to the lien because these benefits are deemed to be "in lieu of first party benefits” Dietrick would have otherwise been entitled to receive under the No-Fault Automobile Insurance Law (Workers’ Compensation Law § 29 [1-a]; see, Insurance Law art 51). We thus reverse and reinstate Supreme Court’s declaration of rights in favor of the injured plaintiff.
In October 1981, Dietrick suffered fractures of her collarbone, ribs and feet and a severe laceration of her forehead in an automobile accident that occurred in the course of her employment with Southland Corporation. The accident was caused by another motorist, Cernohorsky. Pursuant to a decision of the Workers’ Compensation Board, Kemper, South-land’s workers’ compensation carrier, paid benefits to Dietrick for medical expenses ($12,647.50), temporary total disability ($3,150.27), permanent partial disability ($11,460.75 [consisting of schedule loss awards]), and serious facial disfigurement ($5,000). Dietrick also sued Cernohorsky, seeking damages for negligence. Allstate Insurance Company, Cernohorsky’s automobile liability carrier, offered and Dietrick accepted the full policy limit of $10,000 in satisfaction of that lawsuit. Kemper asserted the lien, in dispute here, for $16,460.75.
Supreme Court granted Dietrick judgment declaring no lien and awarded Dietrick prejudgment interest on the settlement *251 proceeds from the date the Allstate check was issued to both parties. That court held that Kemper’s payments were "in lieu of first party benefits” compensating plaintiff, in essence, for lost earnings. The Appellate Division reversed in1 favor of Kemper, holding these payments were more akin to compensation for Dietrick’s pain and suffering and were therefore claimable under the statutory lien. Thereafter, a final judgment was entered at Supreme Court. We granted leave to appeal and now reverse that judgment and the order of the Appellate Division brought up for review.
Under the No-Fault Automobile Insurance Law, "first party benefits” are payments made by an insurance carrier to reimburse an accident victim for "basic economic loss” due to personal injuries (Insurance Law § 5102 [b]). Where a victim has received a workers’ compensation award for a work-related automobile accident, the no-fault insurance carrier may deduct from the victim’s no-fault benefits the sum of the compensation award (Insurance Law § 5102 [b] [2]). The provision of these "first party benefits” under the No-Fault Law precludes an automobile accident victim from bringing an action in negligence to recover any damages unless the victim has suffered a "serious injury”, in which case Insurance Law § 5104 (a) allows the victim to commence a direct party action for "non-economic losses”, such as pain and suffering, and other nonquantifiable detriments (Insurance Law § 5102 [c], [d]). Although Workers’ Compensation Law §29 (1) grants a workers’ compensation carrier a lien on the proceeds of an employee’s direct party action for the amount of compensation awarded, Workers’ Compensation Law §29 (1-a) correspondingly denies that lien on the proceeds from any direct party action received pursuant to Insurance Law § 5104 (a), i.e., "for compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under [the No-Fault Automobile Insurance Law].” (Emphasis added.)
Workers’ Compensation Law § 15 (3) provides that compensation for permanent partial disability shall be calculated on a percentage of an employee’s weekly wage. Workers’ Compensation Law § 15 (3) (t) (1) provides that where an employee has suffered serious facial or head disfigurement, the Workers’ Compensation Board may provide "proper and equitable compensation”. Although the Board need not find that earning capacity has been impaired in order to grant serious facial or head disfigurement awards (see, Matter of Florick v Broad *252 Window Cleaning Co., 215 App Div 734, affd no opn 243 NY 576), this court has recognized that these injuries have a "tendency to impair the earning power of [their] victims,” either immediately or prospectively, and that "[lawmakers * * * must deal with general tendencies. The average and not the exceptional case determines the fitness of the remedy.” (Matter of Sweeting v American Knife Co., 226 NY 199, 201, affd 250 US 596, 601; see also, Matter of Marhoffer v Marhoffer, 220 NY 543, 547-548; Matter of Wilkosz v Symington Gould Corp., 14 AD2d 408, 410, affd no opn 14 NY2d 739.) Thus, awards for permanent partial disability or facial disfigurement may clearly include, and may therefore generally be deemed, compensation "in lieu of first party benefits” because such awards are directly related to plaintiffs basic economic loss, i.e., lost earnings, whether actual or presumed (Insurance Law § 5102 [a] [2]; [b]; see, Grello v Daszykowski, 58 AD2d 412, 416-417, n 4, revd on other grounds 44 NY2d 894).
This conclusion is fortified by the legislative history of Workers’ Compensation Law § 29 (1-a) (see, Bill Jacket, L 1978, ch 572), which demonstrates that the statute was conceived to correct the "harsh, unintended result” flowing from Matter of Granger v Urda (44 NY2d 91, 99). The court, interpreting Workers’ Compensation Law § 29 (1), held the workers’ compensation carrier’s lien on the settlement proceeds of an injured employee’s direct party action was inviolable even in the No-Fault Automobile Insurance Law context. The court also observed that corrective action by the Legislature was "advisable, if not imperative” (id., at 99), and the Legislature responded by enacting Workers’ Compensation Law § 29 (1-a). Prior to the amendment, the existing Workers’ Compensation Law § 29 (1) lien was intended to prevent a victim from receiving a double recovery for the same economic losses. However, as Granger demonstrated, when transplanted into the No-Fault Automobile Insurance Law context and strictly construed, Workers’ Compensation Law § 29 (1) subjected the victim to a double debit instead of preventing a double benefit.
A seriously injured automobile accident victim is allowed to plead for basic economic loss recovery as well as for noneconomic loss in a direct action, but the final judgment must be reduced by the court by the amount of basic economic loss, for which recovery in the direct action forum is forbidden (Insurance Law § 5104 [a], [c]). The final judgment then reflects the victim’s noneconomic damages only, such as pain and suffering or customarily unquantifiable detriments. The intended *253 result is that the injured person is made "whole” by receipt of workers’ compensation and no-fault automobile insurance benefits representing economic losses, combined with the direct action noneconomic damages. If the injured person’s direct action settlement is offset by the workers’ compensation payments when the no-fault benefits have already been reduced by that amount, the lien produces the clearly unintended effect of rendering the victim uncompensated for at least part of the basic economic loss (see, Matter of Granger v Urda, 44 NY2d 91, 99, supra). The insurers get the victim coming and going.
Workers’ Compensation Law § 29 (1-a) was passed to bridge the crevice between the No-Fault Law and the Workers’ Compensation Law into which the victim unintentionally slipped. Because workers’ compensation benefits and no-fault first-party benefits are intended essentially to cover the same types of losses — those that are economic in nature — and the Legislature has attempted to integrate and fit not entirely compatible statutes together through Workers’ Compensation Law § 29 (1-a), it is the fairer and preferred statutory construction to treat both types of benefits as categorically similar for purposes of the applicable lien provision (see, Fox v Atlantic Mut. Ins. Co., 132 AD2d 17, 23). The Legislature was aware that exact harmony between the statutes was impossible in that many workers’ compensation awards do not fall neatly or literally into the definition of first-party benefits under Insurance Law § 5102 (b). If it did not view workers’ compensation benefits as sufficiently similar to first-party benefits, it could have made the effort to distinguish between the different types of workers’ compensation awards and to list those which fell within the definition of first-party benefits and those that did not for denial of lien purposes. The Legislature did not do so. Surely under these circumstances, if there is any ambiguity or room for reasonably held different views, the remedial nature of Workers’ Compensation Law § 29 (1-a) favors the injured party (see, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92, 321, at 176, 489).
The broad social policy and scheme underlying the Workers’ Compensation Law also supports the conclusion that workers’ compensation awards for permanent partial disability and serious facial disfigurement should be deemed payments in lieu of first-party benefits in these circumstances. The central thrust of the Workers’ Compensation Law is to reimburse an employee for lost wages. The courts of this State have consis *254 tently denied an award, such as for permanent partial disability or facial disfigurement, when it was granted in addition to an award for permanent total disability. Our court and other courts have taken the view that the same theory and relationship between compensation and loss of earnings or earning capacity underlie all types of workers’ compensation awards, and to allow such additional awards might improperly provide a double recovery for the same disability elements, in effect reflecting recovery for noneconomic damages such as pain and suffering which would contravene the workers’ compensation scheme (see, e.g., Matter of Marhoffer v Marhoffer, 220 NY 543, 547-548, supra; Matter of Wilkosz v Symington Gould Corp., 14 AD2d 408, 410, affd no opn 14 NY2d 739, supra; Matter of Clark v Hayes, 207 App Div 560, affd no opn 238 NY 553).
We agree that injured persons should not receive double recoveries for basic economic losses, but that unintended and undesirable windfall is circumscribed by our holding. Because we conclude awards for permanent partial disability and serious facial disfigurement fall within the definition of "basic economic loss”, a victim is ultimately precluded from recovering such losses in a direct action under Insurance Law § 5104 (a). That principle is not undermined by denying a lien against the undifferentiated settlement proceeds in this case.
In sum, we hold Kemper has no lien arising from its payments for permanent partial disability and serious facial disfigurement against plaintiff’s direct action settlement. To hold otherwise would be contrary to the reasonable interlacing of the relevant statutes and to the general policies underlying the workers’ compensation scheme reflected in our precedents.
Supreme Court also correctly awarded plaintiff interest from the date the Allstate check for the direct party settlement proceeds was issued and Kemper asserted the lien, regardless of whether interest was demanded in the complaint (CPLR 5001; Flamm v Noble, 296 NY 262, 268).
Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the original judgment of Supreme Court reinstated.
Chief Judge Wachtler and Judges Simons and Hancock, Jr. (dissenting). We would affirm for the reasons stated in the opinion of Justice Samuel Green at the Appellate Division (145 AD2d 8). We would only add that the Legislature, in
*255 drafting Workers’ Compensation Law § 29 (1-a) to provide that workers’ compensation insurance carriers shall not have liens on payments made in lieu of first-party benefits, clearly contemplated that certain payments made by these carriers would not constitute first-party benefits. In fact, we can conceive of no other reason for the inclusion of this language in the statute.
Judges Kaye, Alexander and Titone concur with Judge Bellacosa; Chief Judge Wachtler and Judges Simons and Hancock, Jr., dissent and vote to affirm in a memorandum.
Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, and judgment of Supreme Court, Steuben County, entered May 17, 1988 reinstated.