### St. Paul Fire and Marine Insurance Company v. Marie Surdam

[595 A.2d 264]

No. 89-554

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed May 31, 1991

---

[3] The Brookers also objected at trial on the basis of relevancy, but have not pursued this argument on appeal.

*John P. Riley* of *McKee, Giuliani & Cleveland,* Montpelier, for Plaintiff-Appellee.

*Thomas Dailey,* Bennington, and *Jill Nagy* of *Lee & LeForestier, P.C.,* Troy, New York, for Defendant-Appellant.

**Morse, J.** Defendant, a Vermont resident, was injured in a work-related automobile accident in New York state. St. Paul, a workers' compensation insurance carrier for defendant's employer, paid defendant $40,000 in benefits. It now seeks to recover that amount from an $85,000 settlement reached in a lawsuit brought by defendant in New York against the driver of the other vehicle involved in the accident. The trial court entered judgment in the carrier's favor. The issue raised on appeal concerns the interpretation of Vermont's workers' compensation law, 21 V.S.A. § 624(e), permitting the carrier to recover the amount of benefits it paid from monies received by the worker in a personal injury action against a third party. We

hold that the trial court misinterpreted the law and, accordingly, reverse.

The parties agree that Vermont's statute on reimbursing workers' compensation carriers governs. Specifically, 21 V.S.A. § 624(e) states:

> In an action to enforce the liability of a third party, the plaintiff *may recover any amount which the employee* or his personal representative *would be entitled to recover in a civil action.* Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under this chapter to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits. (Emphasis added.)

If Vermont law had governed the merits of the New York personal injury action, defendant could have recovered damages for both economic losses, such as medical and other out-of-pocket expenses and lost income proximately caused by the accident, and noneconomic losses, such as pain and suffering and other related nonmonetary injury. In contrast, New York provides that workers' compensation and no-fault automobile insurance cover all economic loss and limits recovery against third parties to noneconomic losses. The parties have agreed that New York law governs what damages are recoverable in defendant's action against the other driver.

The New York Court of Appeals recently explained how the New York system is intended to work:

> A seriously injured automobile accident victim is allowed to plead for basic economic loss recovery as well as for noneconomic loss in a direct action, but the final judgment must be reduced by the court by the amount of basic economic loss, for which recovery in the direct action forum is forbidden (Insurance Law § 5104[a], [c]). The final judgment then reflects the victim's noneconomic damages only, such as pain and suffering or customarily unquantifiable

detriments. The intended result is that the injured person is made "whole" by receipt of workers' compensation and no-fault automobile insurance benefits representing economic losses, combined with the direct action noneconomic damages.

*Dietrick v. Kemper Insurance Co.*, 76 N.Y.2d 248, 252–53, 556 N.E.2d 1108, 1110–11, 557 N.Y.S.2d 301, 303–04 (1990). Thus, in this case, defendant's third-party settlement can be understood only as compensation for noneconomic losses.

New York not only limits what injured employees can recover from third parties, it also limits what workers' compensation carriers can recover. Indeed, if New York law were applied to the facts of this case, the carrier could recover nothing from defendant or anyone else.

New York workers' compensation law grants to a workers' compensation carrier a lien, in the amount of compensation it has paid, on the proceeds of an employee's action against a third party. N.Y. Work. Comp. Law § 29(1) (McKinney Supp. 1991). A workers' compensation carrier, however, cannot recover proceeds received "whether by judgment, settlement or otherwise ... which were in lieu of first party benefits." N.Y. Work. Comp. Law § 29(1-a) (McKinney Supp. 1991). "First party benefits" are payments made by an insurance carrier to an accident victim for "basic economic loss" due to personal injuries up to $50,000. N.Y. Ins. Law § 5102 (b), (a) (McKinney 1985); see *Dietrick*, 76 N.Y.2d at 251, 556 N.E.2d at 1109, 557 N.Y.S.2d at 302. When an accident victim receives workers' compensation, the no-fault carrier can deduct that sum from the proceeds it is required to pay. *Id.* at 251, 556 N.E.2d at 1109–10, 557 N.Y.S.2d at 302–03. Thus, in New York, the workers' compensation carrier provides primary coverage for the first $50,000 of basic economic loss. For example, the carrier here paid only $40,000 in compensation, and if New York law had governed, would not be entitled to a lien for that amount.

Where workers' compensation payments are limited to first party benefits and a lien on proceeds recovered from third parties is therefore unavailable, the carrier may seek a "loss transfer" from a negligent third-party's insurer by a statutorily mandated arbitration process, N.Y. Ins. Law § 5105 (McKinney 1985). See *Vinson v. Berkowitz*, 83 A.D.2d 531, 532, 441

N.Y.S.2d 460, 462 (1981) (1978 amendments to workers' compensation and no-fault insurance statutes took away compensation carrier's lien and replaced it with intercompany loss transfer provisions). It has not been shown that plaintiff could have used this process because it applies only if at least one of the motor vehicles involved in the accident weighs more than 6500 pounds or is "used principally for the transportation of persons or property for hire." N.Y. Ins. Law § 5105(a). If plaintiff were eligible for arbitration, however, that would be its sole method of recoupment under New York law. N.Y. Work. Comp. Law § 29(1-a).

In Vermont, a successful worker-plaintiff may recover both economic and noneconomic damages from a third party, and the workers' compensation carrier may recoup its compensation award. Neither state permits the injured employee a double recovery at the compensation carrier's expense; the insurance schemes differ only in who has the primary responsibility for economic loss. In this case, under the New York scheme, the carrier could not recoup from defendant or the third party sued in New York.

The carrier's attempt to mesh Vermont's law on reimbursement with New York's law on recovery of damages creates an anomaly unanticipated by either state's scheme. Instead of double recovery, defendant would be saddled with a "double debit." See *Dietrick*, 76 N.Y.2d at 252, 556 N.E.2d at 1110, 557 N.Y.S.2d at 303. If we follow the carrier's interpretation of § 624(e), although defendant can recover only noneconomic damages from the negligent third party, she must nonetheless rob Peter to pay St. Paul, using money recovered for noneconomic damages in New York to reimburse the carrier for economic damages paid to her in Vermont. Given the carrier's view, people in defendant's position would have little or no incentive to pursue third-party lawsuits, knowing that, in cases like this, any recovery would go first to legal fees and the workers' compensation carrier.

■ ■ Consequently, a literal application of § 624(e) to the legal landscape in New York undercuts the very policies § 624 was designed to implement. Workers' compensation law provides injured workers with expeditious and certain payments for economic losses without proof of fault and employers with

limited liability. *Kittell v. Vermont Weatherboard, Inc.*, 138 Vt. 439, 441, 417 A.2d 926, 927 (1980). When a third party is found responsible in a personal injury action for damages suffered by the worker, the worker is not permitted double recovery from both the insurer and third party for the same injury. Rather, the law evens out the consequences by permitting the carrier to recoup the benefits it paid the worker. In a perfect world, a result under § 624(e) would always follow the result in *LaBombard v. Peck Lumber Co.*, 141 Vt. 619, 624, 451 A.2d 1093, 1096 (1982):

> [T]he insurance carrier, representing the employer, comes out even, being without fault or injury; the third party wrongdoer pays exactly the damages he would have paid without any workers' compensation law; the attorney is reimbursed for services rendered, and the employee—in addition to what he has already received in compensation benefits—is entitled to the remainder.

Because New York law forbids the carrier in this case from "com[ing] out even," however, does not justify shifting the loss to the Vermont worker.

 Section 624 was not created in a vacuum, nor should it be read in one. Indeed, our workers' compensation statute is remedial in nature and must be liberally construed to provide injured employees with benefits unless the law is clear to the contrary. *Montgomery v. Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644, 646 (1983). The Vermont Legislature could not have intended that an injured employee must lose a noneconomic recovery to pay back economic damages received from a workers' compensation carrier. The law's purpose is to preserve the employee's common-law action, "subject only to the employer's [insurance carrier's] subrogation for compensation previously awarded." *Dubie v. Cass-Warner Corp.*, 125 Vt. 476, 479, 218 A.2d 694, 697 (1966).

██ Our holding is narrow, based on the peculiar circumstances of this case. The usual circumstance does not foreclose the injured employee from recovering economic losses, but if the injured employee by law cannot recover economic losses from a third party, then her workers' compensation carrier

should likewise not be entitled to recoup its losses from the injured employee. In these circumstances, we will read § 624(e) to mean that the carrier may recover any amount of economic losses that defendant would be entitled to recover. We will not subvert an important rationale underlying § 624 by allowing a quirk in New York's law to upset policy underpinnings of Vermont's law.

*Reversed.*