*16 OPINION OF THE COURT
Smith, J.
 In this proceeding the issues are (1) whether workers’ compensation benefits paid to a claimant beyond three years may properly be construed as payment for "basic economic loss” under this Court’s decision in Dietrick v Kemper Ins. Co. (76 NY2d 248), and thus not subject to a compensation carrier’s Workers’ Compensation Law §29 lien and (2) whether a claimant may continue to receive compensation payments for permanent partial disability where the carrier’s consent was not obtained prior to the claimant’s settlement of a third-party action. Because payment of workers’ compensation benefits for more than three years may not be considered as payment for basic economic loss and a carrier’s consent is required prior to the settlement of a claimant’s third-party action, we reverse the order of the Appellate Division.
The facts are not disputed. Claimant Johnson, employed by appellant Buffalo and Erie County Private Industry Council, sustained compensable injuries during a September 11, 1986 car accident. Claimant filed for workers’ compensation benefits and also commenced a civil suit against the driver. Without the compensation carrier’s consent, however, claimant settled the civil suit for $10,000 — the full amount of the driver’s insurance policy, netting $6,666.67 after attorney’s fees.
Claimant was examined by a State Medical Examiner employed by the Workers’ Compensation Board who concluded that claimant had a permanent partial disability. The Workers’ Compensation Law (WCL) Judge adopted that determination in his decision following a hearing held on August 16, 1988 to determine claimant’s payments. Claimant’s compensation rate was set at $82.97 per week.
On March 28, 1989 at a hearing before the Board, in response to the Judge’s question whether the third-party action was pending, defendant’s counsel indicated that the matter had been settled and that the carrier’s consent was not necessary. At a hearing held January 23, 1990, the WCL Judge found that the claim came within the purview of Workers’ Compensation Law § 15 (8) (d) which provides a Special Injury Disability Fund allowing reimbursement to employers or carriers for all awards for permanent disability where the claimant’s injuries meet specified criteria (see, Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 15, at 31).
*17 By decision dated May 1, 1990, the State Insurance Fund, the insurance carrier, suspended claimant’s payments in light of his settlement of the third-party action without its consent. The carrier also requested that the Board formally close claimant’s file.
After a hearing to determine the implications of claimant’s third-party settlement, the WCL Judge held that the settlement was for pain and suffering and directed the carrier to continue the payments at the previous rate of $82.97 per week. The carrier and the Special Funds Conservation Committee appealed the WCL Judge’s decision to the Board. The Special Funds Conservation Committee’s standing in this case was based upon its requirement, pursuant to Workers’ Compensation Law § 15 (8) (d), to reimburse the carrier.
By a decision filed on September 18, 1991, the Board modified the WCL Judge’s decision, holding that as a result of claimant’s settlement of the third-party action without the carrier’s consent, claimant was precluded from receiving further compensation benefits subsequent to April 23, 1990. The Board also noted that "a carrier’s lien attaches to any recovery other than first party benefits under the Insurance Law.”
The Appellate Division reversed the Board’s determination (192 AD2d 763). Disagreeing with the Board that the carrier had a lien on claimant’s third-party action, that Court found no distinction between the disability award in Dietrick and the weekly award paid to claimant here for purposes of "basic economic loss” as defined in Insurance Law § 5102 (id., at 764). The Appellate Division further stated that both awards, "by their nature, extend beyond the three-year period for payment for loss of wages set by Insurance Law § 5102 (a) (2)” (id., at 764).
Here, the carrier argues that the Appellate Division erred by holding that claimant’s payments, which extend beyond three years, may constitute "basic economic loss” and by concluding that the carrier’s consent was unnecessary in the third-party action. Claimant contends that the Appellate Division correctly applied Dietrick to the facts of this case and that because his compensation payments constitute payment for economic loss, no lien may properly attach. This Court granted leave to appeal.
The legislative history of Workers’ Compensation Law § 29 (1-a) indicates the remedial nature of the statute (see, News Mem of State Exec Dept. 1978 McKinney’s Session Laws of *18 NY, at 1748). Prior to the enactment of that subdivision, our 1978 decision in Matter of Granger v Urda (44 NY2d 91) recognized the clash of the provisions of Workers’ Compensation Law § 29 (1) and Insurance Law § 671 (2) (b) (former no-fault automobile insurance law) which resulted in (1) the no-fault scheme allowing the no-fault insurer to deduct from its payments to an insured the amounts the insured recovered or could recover under workers’ compensation and (2) continuing the Workers’ Compensation Law § 29 (1) lien upon any recovery by the claimant in a third-party action. The Granger Court was constrained to implement the "harsh, unintended result” of the simultaneous application of those statutes (see, id., at 99). Thus, injured employees became "self-insurer[s]” for at least part of their basic economic loss (id., at 99; Dietrick v Kemper Ins. Co., 76 NY2d 248, 253, supra; see also, Grello v Daszykowski, 44 NY2d 894, 895; see, News Mem of State Exec Dept, 1978 McKinney’s Session Laws of NY, at 1748). The Granger Court further urged that "corrective legislative action is advisable, if not imperative” (Granger, supra, at 99).
The Legislature responded to Granger, enacting Workers’ Compensation Law § 29 (1-a). The relevant portion of that subdivision precludes the compensation carrier from imposing a lien "for compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under [the no-fault provisions] of the insurance law” (see, Matter of Simmons v St. Lawrence County GDP, 147 AD2d 323, 324-325; Matter of Fellner v Country Wide Ins., 95 AD2d 106).
The No-Fault Automobile Insurance Law defines "first party benefits” as "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle” (Insurance Law § 5102 [b]). Pivotal for resolution of this case is whether claimant’s compensation fits within the term "basic economic loss” as delineated by the statute. Insurance Law § 5102 (a) (2) limits the definition of "basic economic loss” to "[l]ass of earnings from work which the person would have performed had he not been injured * * * up to one thousand dollars per month for not more than three years from the date of the accident causing the injury.” Here, it is uncontested that payments to claimant continued far beyond three years from the date of the accident. Thus, at least a portion of claimant’s payments may not be properly characterized as for "basic economic loss” *19 and the Workers’ Compensation Law §29 (1-a) lien restrictions should not have been applied to the carrier.
Claimant relies on this Court’s decision in Dietrick v Kemper Ins. Co. (76 NY2d 248, supra) to support his position that the Workers’ Compensation Law § 29 (1-a) lien restriction is applicable here. First, Dietrick makes clear that compensation for permanent partial disability or facial disfigurement may be deemed compensation in lieu of first-party benefits because it often relates to a claimant’s basic economic loss, as in lost earnings, "whether actual or presumed” (see, id., at 252). This Court’s holding in Dietrick, however, was to establish facial disfigurement as an injury which requires acknowledgement of its often income-impairing characteristics, and, thus, awards for such injuries may often be deemed "compensation 'in lieu of first party benefits’ ” (id., at 252, quoting Workers’ Compensation Law § 29 [1-a]; see, Dietrick v Kemper Ins. Co., 145 AD2d 8 [indicates that issue at Appellate Division was whether compensation for facial disfigurement constituted first-party benefits]). Dietrick did not effect a change in the statutory requirement that compensation for "basic economic loss” be limited to three years (see, Insurance Law § 5102 [a] [2]). Additionally, there is no showing that the award in Dietrick fell outside the parameters of Insurance Law § 5102 (a) (2) requiring that monthly compensation not exceed $1,000* and that the award not exceed three years from the date of injury.
Claimant’s contention that the carrier’s consent was unnecessary in this case is meritless. Workers’ Compensation Law § 29 (5) requires either the carrier’s consent or a compromise order from the court in which a third-party action is pending for a claimant to settle a third-party action and continue receiving compensation benefits (see, Matter of Parmelee v International Paper Co., 157 AD2d 878 [claimant precluded from receiving further compensation benefits where he settled the third-party negligence action without the consent of self-insured employer]; Matter of Durham v Barker Chem. Corp., 151 AD2d 887; see also, Matter of Vincent v Geneva Pizza, 196 AD2d 917).
Further, claimant mistakenly assumes that a third-party settlement that constitutes 100% of a liability policy obviates *20 the need for an insurance carrier’s consent. Nothing in Workers’ Compensation Law §29 so states, and decisional law of this State has held to the contrary (see, Matter of Daly v Daly Constr. Corp., 136 AD2d 798, lv denied 72 NY2d 807 [claimant barred from further compensation even where settlement for full policy limits, absent carrier’s consent]). Claimant’s remaining contentions concerning consent, supported essentially by claimant’s interpretation of the application of Dietrick to the facts of this case, are without merit.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the decision of the Workers’ Compensation Board reinstated.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Ciparick concur; Judge Levine taking no part.
Order reversed, etc.

 The statute was amended in 1991 raising the monthly compensation limit to $2,000 (see, L 1991, ch 320, § 1). The new limit is not applicable to this case.