NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 41

No. 23-AP-344

| | |
|---|---|
| Ian Burnett | Supreme Court |
| | |
| | On Appeal from |
| v. | Commissioner of Labor |
| | |
| Home Improvement Company of Vermont | April Term, 2024 |

Michael A. Harrington, Commissioner

Brendan P. Donahue of Brady / Donahue, Springfield, for Plaintiff-Appellant.

Oliver A. Abbott of Boxer Blake & Moore PLLC, Springfield, for Defendant-Appellee.

PRESENT: Reiber, C.J., Carroll, Cohen and Waples, JJ., and Johnson, J. (Ret.),
Specially Assigned

¶ 1. **WAPLES, J.** Claimant Ian Burnett appeals the determination by the Commissioner of the Vermont Department of Labor that the Department lacks jurisdiction to adjudicate his workers' compensation benefits claim. We conclude that the Commissioner properly construed the jurisdictional requirements of the Vermont Workers' Compensation Act and therefore affirm.

¶ 2. The following factual allegations are derived from the Commissioner's findings and are undisputed unless otherwise noted. Employer Home Improvement Company of Vermont is a Vermont corporation with its principal place of business in North Walpole, New Hampshire. Employer also owns a property in Bellows Falls, Vermont, for which it has received approval to

convert the existing office space into residential apartment units. The parties dispute the extent to which claimant performed work at the Bellows Falls facility as well as whether the facility was used for business purposes at the time of the injury, but it is undisputed that claimant has at least picked up and dropped off supplies from the facility in the course of his employment.

¶ 3. Claimant is a resident of New Hampshire and was hired at employer's New Hampshire facility. Claimant's job duties involved traveling between the New Hampshire facility and various jobsites, for which he was provided a company vehicle bearing a Vermont registration. On September 13, 2022, claimant drove from the New Hampshire facility in his company vehicle to a job site in Ludlow, Vermont, where he spent some time working, before returning to the New Hampshire facility. While cutting gutter blocks at the New Hampshire facility, which were intended to be transported to another Vermont job site, claimant accidentally injured his hand with a saw. It is undisputed that this workplace accident occurred in New Hampshire. Claimant and employer dispute the percentage of time claimant worked in Vermont compared to New Hampshire, but employer's records indicate approximately 646 hours worked in Vermont and 1381 hours worked in New Hampshire during 2022.

¶ 4. Claimant filed for workers' compensation benefits with employer's Vermont insurance carrier, which denied the claim, citing a lack of jurisdiction.[1] Claimant appealed the denial to the Vermont Department of Labor, arguing that his employment was "employment in this State" within the meaning of 21 V.S.A. § 616(a) and was therefore sufficient to confer subject matter jurisdiction to adjudicate his claim in Vermont.

¶ 5. Both claimant and employer moved for summary judgment before the Commissioner. In his motion, claimant argued that any employment by a Vermont entity of an

---

[1] Employer also maintains a separate workers' compensation policy through a carrier in New Hampshire, which has accepted claimant's claim and has paid some benefits. Claimant maintains that employer never consulted him before filing the claim in New Hampshire and that he would prefer the claim to be adjudicated in Vermont.

individual, regardless of where the work took place, would necessarily be "employment in this State" as contemplated by 21 V.S.A. § 616(a). Employer responded that because claimant did not reside in Vermont, was not hired in Vermont, and was not injured in Vermont, the plain language of 21 V.S.A. § 616(a) excluded him from coverage. Employer further argued principles of comity should prevent the Commissioner from asserting jurisdiction where the matter was already before another tribunal in New Hampshire.

¶ 6.     The Commissioner granted summary judgment to employer, determining that it lacked subject matter jurisdiction to adjudicate the claim. The Commissioner acknowledged that employer paid a bonus to claimant for originating a job in Vermont and maintained a facility in Vermont but noted that the parties disputed the extent of employer's business operations in Vermont. The Commissioner also found that employer's records reflected that claimant worked approximately half the hours in Vermont that he worked in New Hampshire. The Commissioner ultimately concluded that these facts were immaterial, holding that 21 V.S.A. § 616(a) did not apply to claimant because he did not reside in, was not hired in, and was not injured in Vermont. The Commissioner rejected claimant's arguments for an expansive view of jurisdiction under 21 V.S.A. § 616(a). Finally, the Commissioner concluded that jurisdiction was not available under 21 V.S.A. §§ 619, 620, or 623 because claimant was not hired in Vermont and was not requesting to transfer his New Hampshire claim to Vermont for the purpose of enforcing New Hampshire law. Claimant then filed this timely appeal.

¶ 7.     This Court reviews a grant of summary judgment de novo, "using the same standard as the Commissioner." Diamond v. Burlington Free Press, 2017 VT 93, ¶ 11, 205 Vt. 606, 178 A.3d 335. Summary judgment is warranted where there is no genuine dispute of any material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a). This Court "will defer to the Commissioner's construction of the Workers' Compensation Act, 'absent a compelling indication of error.' " Morin v. Essex Optical/The Hartford, 2005 VT 15, ¶ 4, 178 Vt. 29, 868

3

A.2d 729.  However, the Court "will not affirm an interpretation that is unjust or unreasonable." Clodgo v. Rentavision, Inc., 166 Vt. 548, 550, 701 A.2d 1044, 1045 (1997).  "If the Commissioner's conclusions are supported by the findings and reflect the correct interpretation of the law, we will affirm the Commissioner's decision."  Butler v. Huttig Bldg. Prods., 2003 VT 48, ¶ 9, 175 Vt. 323, 830 A.2d 44.  As a remedial statute, the Workers' Compensation Act "must be liberally construed to provide injured employees with benefits unless the law is clear to the contrary."  St. Paul Fire & Marine Ins. v. Surdam, 156 Vt. 585, 590, 595 A.2d 264, 266 (1991).  Thus, "[w]e look to the whole statute, its effects and consequences, and the reason and spirit of the law to determine whether the Commissioner's interpretation conflicts with the Legislature's intent." Clodgo, 166 Vt. at 550, 701 A.2d at 1045.

¶ 8.    The authority of the Commissioner to administer workers' compensation proceedings "is limited to such powers as are conferred upon him by express legislative grant, or such as arise therefrom by implication as incidental and necessary to the full exercise of the powers granted."  De Gray v. Miller Bros. Const., 106 Vt. 259, 267-68, 173 A. 556, 559 (1934).  The provision claimant asserts to provide jurisdiction here is 21 V.S.A. § 616(a), which states that "[e]xcept as otherwise provided in this section and other provisions of this chapter, this chapter shall apply to all employment in this State, and where provided, to employment outside of the State."  The statute does not define "employment in this State".  Claimant contends that "employment in this State" contemplates any relationship between an employee and an employer, and thus, because employer here is incorporated in Vermont, that relationship fulfills the jurisdictional requirements of § 616(a).

¶ 9.    The touchstone of statutory interpretation is legislative intent.  Doyle v. City of Burlington Police Dep't, 2019 VT 66, ¶ 5, 211 Vt. 10, 219 A.3d 326.  To gauge this intent, we begin with an evaluation of the plain language of the statute.  People's United Bank, NA v. Alana Provencale, Inc., 2018 VT 46, ¶ 8, 207 Vt. 362, 189 A.3d 71.  "If the intent of the Legislature is

4

apparent on the face of the statute because the plain language of the statute is clear and unambiguous, we implement the statute according to that plain language." Flint v. Dep't of Lab., 2017 VT 89, ¶ 5, 205 Vt. 558, 177 A.3d 1080. "As a corollary of this principle, we resort to other tools of statutory construction—such as legislative history—only if the plain language of the statute is unclear or ambiguous." Id. If required to look beyond the plain language, "we must examine and consider fairly, not just isolated sentences or phrases, but the whole and every part of the statute, together with other statutes standing in pari materia with it, as parts of a unified statutory system." Brown v. W.T. Martin Plumbing & Heating, Inc., 2013 VT 38, ¶ 20, 194 Vt. 12, 72 A.3d 346 (alterations omitted) (quotations omitted).

¶ 10. Here, because the phrase "employment in this State" is susceptible to more than one reasonable interpretation, it is ambiguous. We therefore must "look beyond the language of a particular section standing alone to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." State v. Thompson, 174 Vt. 172, 175, 807 A.2d 454, 458 (2002). When evaluated together with the other relevant provisions of the Act, it is clear the Legislature intended that § 616(a) provide for jurisdiction over workers' compensation claims when the injury occurs in this State. This makes sense when the application of § 616(a) to "all employment in this State" is contrasted with the limiting language, "and where provided, to employment outside of the State."

¶ 11. The Act contains an exception providing for jurisdiction over "employment outside of the State" in § 619, which is titled "[i]njuries outside State," and provides that when "a worker who has been hired in this State receives personal injury by accident arising out of and in the course of such employment, he or she shall be entitled to compensation according to the law of this State even though such injury was received outside this State." 21 V.S.A. § 619 (emphasis added); see Weale v. Lund, 2006 VT 66, ¶ 8, 180 Vt. 551, 904 A.2d 1191 (mem.) ("We consider the title in construing a statute."). Similarly, § 623 states that "[e]mployers who hire workers within this State

5

to work outside the State may agree with such workers that the remedies under the provisions of this chapter shall be exclusive as regards injuries received outside this State by accident arising out of and in the course of such employment." 21 V.S.A. § 623 (emphasis added). When § 616 is read together with these provisions, the inescapable conclusion is that the Legislature intended jurisdiction to attach only when a worker is injured in this State, with an exception extending jurisdiction to injuries incurred outside of the State to a worker who was hired in Vermont.[2] Claimant here does not meet those specific circumstances.

¶ 12. Claimant contends that in evaluating the plain language of the statute, the Court should consider both the noun and verb forms of the term "employment," and determine that the challenged phrase "employment in this State" ties jurisdiction to the relationship between parties as opposed to a specific occurrence at a specific location. Claimant's advocated interpretation stretches textualism beyond its ideological limit at the expense of the intent of the Legislature. "[A]lthough application according to the plain language is preferred when possible, the letter of a statute or its literal sense must yield where it conflicts with legislative purpose." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49, 527 A.2d 227, 228 (1986) (noting reliance on plain language preferred so long as it "resolves the conflict without doing violence to the legislative scheme"). The Legislature could not have intended such a broad interpretation of the jurisdiction provided by § 616, which would all but swallow the exceptions found in §§ 619, 620, and 623, rendering them superfluous. See Baldauf v. Vt. State Treasurer, 2021 VT 29, ¶ 19, 215 Vt. 18, 255 A.3d 731 (noting Court will "avoid a construction that would render part of the statutory language

---

[2] Section 620, though of limited relevance here, only bolsters this conclusion, allowing a claimant who meets neither the requirements of §§ 616 nor 619 to have the state law applicable to their claim applied by a Vermont tribunal, suggesting they are not entitled to Vermont benefits. This was the understanding of the Court in Letourneau v. A.N. Deringer/Wausau Insurance Co., where a claimant who was hired and injured in New York, but resided in Vermont, was denied Vermont benefits, but offered the opportunity to litigate his claim for New York benefits before the Vermont Commissioner. 2008 VT 106, ¶ 5, 184 Vt. 422, 966 A.2d 133.

superfluous" (quotation omitted)). Put more plainly, if the Legislature intended the locus of the employment relationship to control, it would not have included provisions explicitly contemplating circumstances where the employment relationship is based in Vermont, but the injury takes place somewhere else. See, e.g., 21 V.S.A. § 619 (applying to worker "hired in this State" where "injury was received outside this State").

¶ 13.   Previous decisions of both the Commissioner and this Court further support this construction of the workers' compensation statutory scheme. In <u>Flores-Diaz v. Joel Letourneau Drywall, LLC</u>, a claimant who resided in Massachusetts but was employed by a New Hampshire company was injured on a jobsite in Vermont. No. 10-14WC, at 3-5, 8 (July 25, 2014), https://outside.vermont.gov/dept/Labor/WorkersComp/2010%20-%202019/2014/10-14WC%20Flores-Diaz%20v.%20Joel%20Letourneau%20Drywall%20LLC,%20Baybett%20Construction%20Corp.%20and%20NWS%20Northern%20Wall%20Systems%20LLC%20(July%2025,%202014).pdf [https://perma.cc/W2CP-92G2]. The Commissioner denied the employer's summary judgment motion and asserted jurisdiction over the claim, noting that when construed together, §§ 601(4), 616 and 618 show the Legislature "intended to confer subject matter jurisdiction over an employee who is injured in Vermont while engaged in the services of a covered employer, regardless of where he or she was hired." <u>Id</u>. at 12. The Commissioner explicitly "interpret[ed] § 616 as conferring jurisdiction on the basis of an injury that occurs here." <u>Id</u>. at 13 n.4.

¶ 14.   This Court has reached similar conclusions. In <u>De Gray</u>, the Court considered a widow's workers' compensation claim on behalf of her deceased husband, who resided in Connecticut but was killed in Vermont, against the Connecticut company who employed him. 106 Vt. at 264-65, 173 A. at 557-58. There, the Court opined that "[a] person working under a contract of hire made in a foreign state does not become an employee under the provisions of our act until he renders service for his employer in this state under such contract." <u>Id</u>. at 274, 173 A. at 562.

7

We explained that once service is rendered in Vermont, the Act is incorporated into the contract and the worker "is entitled to compensation under its provisions for <u>an injury sustained in this jurisdiction</u> while rendering service under the contract." <u>Id</u>. at 274-75, 173 A. at 562 (emphasis added). We therefore held that the Commissioner had jurisdiction to award workers' compensation to the claimant if she had applied under Vermont law in the first instance. <u>Id</u>. at 280, 173 A. at 565. However, we concluded that because the claimant had previously applied for and received compensation under Connecticut's workers' compensation act, she was estopped from recovering compensation for the same injury under Vermont law. <u>Id</u>. at 277, 173 A. at 564.

¶ 15. Similarly, in <u>Martin v. Furman Lumber Co.</u>, a widow sought worker's compensation benefits on behalf of her deceased husband, who was killed in Vermont after being hired in Massachusetts by a Massachusetts company. 134 Vt. 1, 2, 346 A.2d 640, 641 (1975). In citing <u>De Gray</u>, the <u>Martin</u> Court held that the Commissioner did have jurisdiction to adjudicate the widow's claim, noting that while residence in the State "alone might not be [a] sufficient reason for the Commissioner to exercise his authority . . . under the Vermont Act," the "occurrence of the accident within this State" in conjunction with residence supported an exercise of jurisdiction. <u>Id</u>. at 8, 346 A.2d at 644. In contrast, claimant here was not injured in Vermont, was not hired in Vermont, and does not reside in Vermont.

¶ 16. Claimant argues that the Commissioner misinterpreted the foregoing cases in focusing on the place of injury. He argues that neither <u>De Gray</u> nor <u>Martin</u> "turn[ed] upon a definition of 'employment' that required a Vermont injury space-time connection." He further argues that because neither <u>De Gray</u> nor <u>Martin</u> interpreted the current version of 21 V.S.A. § 616(a), they cannot serve as binding authority and the Commissioner's reliance on them was misplaced. While claimant is correct that these cases were decided before the current version of the statute, the Commissioner was entitled to consider them as persuasive authority and did not err in doing so, especially in light of the deference we afford the Commissioner's interpretation of the

8

Workers' Compensation Act. See Lyons v. Chittenden Cent. Supervisory Union, 2018 VT 26, ¶ 13, 207 Vt. 59, 185 A.3d 551 ("We owe the Commissioner's interpretation of the workers' compensation program deference because the Legislature has tasked the Commissioner with administration of the program."). Notably, claimant cites no case law, whether precedential or persuasive, in support of his interpretation of the Workers' Compensation Act.

¶ 17. Claimant also argues that the Commissioner's decision is counter to the holding in Martin because there, the Court declined to read a geographical limitation into the workers' compensation statute. 134 Vt. at 2-3, 346 A.2d at 641 (holding Commissioner erred in interpreting § 616, which then required minimum of two employees for Act to apply, to mean that employer had to employ at least two workers in Vermont). But here, unlike in Martin, the Commissioner acted consistently with legislative intent in interpreting § 616(a) to require an injury in Vermont to sustain jurisdiction. As discussed above, when read together, §§ 616 and 619 give the Commissioner jurisdiction when the injury occurs in this State, and extend jurisdiction to injuries outside the State where the claimant was hired in Vermont.

¶ 18. Claimant argues that to the extent 21 V.S.A. § 616 is ambiguous, it should be interpreted broadly and in favor of compensability. See Cyr v. McDermott's, Inc., 2010 VT 19, ¶ 7, 187 Vt. 392, 996 A.2d 709 ("As remedial legislation, the Act is interpreted broadly to achieve the goal of affording coverage to as many workers as possible."). He asserts that the interpretation of the Commissioner will lead to absurd results and prevent the Workers' Compensation Act from accommodating the modern world. See Jud. Watch, Inc. v. State, 2005 VT 108, ¶ 16, 179 Vt. 214, 892 A.2d 191 ("We have recognized the rule of construction that statutes should not be interpreted to produce 'absurd or illogical' results.").

¶ 19. While claimant correctly notes that the Workers' Compensation Act "must be liberally construed to provide injured employees with benefits," this is not the case, where, as here, "the law is clear to the contrary." St. Paul Fire & Marine Ins., 156 Vt. at 590, 595 A.2d at 266. If

9

the Legislature had intended the deciding factor of jurisdiction to be the state where the employer is domiciled, as suggested by claimant, it would have explicitly stated so in the plain language of the statute. See Town of Milton Bd. of Health v. Brisson, 2016 VT 56, ¶ 24, 202 Vt. 121, 147 A.3d 990 ("Where the Legislature has demonstrated that it knows how to provide explicitly for the requested action, we are reluctant to imply such an action without legislative authority." (quotation omitted)). As illustrated above, an analysis of the interrelation of the statutory provisions, as well as precedent provided by this Court, shows that the intention of the Legislature does not align with claimant's proposed interpretation here. See St. Paul Fire & Marine Ins., 156 Vt. at 590, 595 A.2d at 266 (noting that "the Vermont Legislature could not have intended" outcome counter to Workers' Compensation Act's purpose).

¶ 20. Similarly, it is not the construction applied by the Commissioner, but the one advocated by claimant that would lead to absurd results. To confer jurisdiction over a workers' compensation claim based on a corporate domicile alone would potentially extend Vermont's workers' compensation jurisdiction to the entire United States, so long as the claimant could show their company is incorporated in Vermont or has its principal place of business here. This would open Vermont's workers' compensation scheme to every employee of Vermont's companies, regardless of their residency or relationship to Vermont. Further, when likened to how domicile is determined in federal diversity jurisdiction cases, where "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (emphasis omitted) (quoting 28 U.S.C. § 1332(c)(1)), claimant's construction would encourage claimants to seek more generous benefits, likely resulting in shopping between states where their employer maintains corporate citizenship. These would be the consequences of adopting claimant's advocated interpretation and were clearly not intended by the Legislature. See Billewicz v. Town of Fair Haven, 2021 VT 20,

¶ 29, 214 Vt. 511, 254 A.3d 194 (describing canon against absurdity "where it is quite impossible that the Legislature could have intended the result" (brackets omitted) (quotation omitted)).

¶ 21. Claimant further contends that the Commissioner's interpretation of 21 V.S.A. § 616 is impractical given the increasing prevalence of remote work. He provides the example of a New Hampshire resident who was hired in New Hampshire but is working remotely for the Vermont Department of Labor despite sometimes traveling to Vermont. Claimant argues that if this hypothetical employee were injured by a work-provided cellphone in New Hampshire, the Commissioner's interpretation of 21 V.S.A. § 616 would preclude the employee from receiving benefits. However, to take a position on claimant's detailed hypothetical scenario would be to give an advisory opinion, which this Court will not do. In re Bennington Sch., Inc., 2004 VT 6, ¶ 19, 176 Vt. 584, 845 A.2d 332 (mem.) ("Our jurisdiction is limited to issuing opinions determining actual controversies existing between parties.").

¶ 22. Finally, claimant argues, relying on Hilliker v. Synergy Solar, Inc., that because Vermont allows for dual administration of benefits claims, the Commissioner should have considered supplementation of claimant's New Hampshire benefits under the Vermont workers' compensation scheme. See No. 12-16WC, at 2, (Aug. 9, 2016), https://outside.vermont.gov/dept/Labor/WorkersComp/2010%20-%202019/2016/12-16WC%20Hilliker%20v.%20Synergy%20Solar,%20Inc.%20(August%209,%202016).pdf [https://perma.cc/XYN8-AV6V]. However, claimant failed to raise this argument below with the specificity and clarity required for preservation. Vt. Nat'l Tel. Co. v. Dep't of Taxes, 2020 VT 83, ¶ 54, 213 Vt. 421, 250 A.3d 567 ("To properly preserve an issue, a party must present the issue to the administrative agency with specificity and clarity in a manner which gives the agency a fair opportunity to rule on it." (brackets omitted) (quotation omitted)). Claimant's only request for supplementation of his benefits on the basis of Hilliker came as a single sentence request for relief in the conclusion of his reply to defendant's opposition to summary judgment. Additionally, the question of dual administration

11

becomes irrelevant in light of our decision above that the Commissioner did not have jurisdiction over his claim.

¶ 23. Claimant also contends that the Commissioner improperly considered inadmissible evidence in reciting the approximate time claimant spent working in both New Hampshire and Vermont. As discussed above, the amount of time claimant spent working in Vermont is not relevant here because he was not hired or injured in Vermont, and thus, any error potentially committed by the Commissioner in making this factual finding is irrelevant to our decision. See Civetti v. Turner, 2022 VT 64, ¶ 19, __ Vt. __, 296 A.3d 132 ("An issue of fact is material only if it could affect the outcome of the case." (quotation omitted)); Bagalio v. Hoar, 118 Vt. 384, 387, 110 A.2d 719, 722 (1955) (determining that where "finding is immaterial to any issue in the case," it "can be disregarded without affecting the result of the material findings").

¶ 24. For all of these reasons, we conclude that the Commissioner's interpretation of the Vermont Workers' Compensation Act was without error, and that Vermont is without jurisdiction to adjudicate claimant's workers' compensation claim. We therefore affirm the order of the Commissioner.

Affirmed.

FOR THE COURT:

Associate Justice

12