In the Matter of the Claim of RICHARD BRIGGS, Appellant, v VILLAGE OF HAMILTON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, May 5, 1988

APPEARANCES OF COUNSEL

*John S. Hogg* for appellant.

*Raymond C. Green (William L. Weinstock* of counsel), for Village of Hamilton and another, respondents.

## OPINION OF THE COURT

Casey, J.

■ Claimant objects to a decision of the Workers' Compensation Board which ruled that the employer was entitled to reimbursement out of a schedule award at the full wage rate. Claimant raises a procedural objection and, on the merits, argues that reimbursement should be limited to the compensation rate. We affirm the Board's decision.

Claimant sustained a work-related injury in December 1982 which eventually led to amputation of his right leg below the knee. The employer paid claimant his full weekly wages of $265.19 from March 30, 1983 to October 14, 1983 when the carrier, the State Insurance Fund, began making payments at the compensation rate of $176.79 per week. The employer requested reimbursement, pursuant to Workers' Compensation Law § 25, and the Fund was directed to reimburse the employer at the compensation rate of $176.79 per week for the period that full wages were paid by the employer. In February 1985 an award was made to claimant for a 90% schedule loss of use of the right leg. Since the decision contained no provision for reimbursement to the employer for the period when it paid full wages to claimant, the Fund requested that the decision be "corrected" to provide for reimbursement of the full wages paid to claimant. The Workers' Compensation Law Judge agreed with claimant that the employer's reimbursement should be at the compensation rate, not at the full wage rate. The Fund appealed to the Board and the Board, citing *Matter of Ott v Green-Wood Cemetery* (262 NY 532, *affg without opn* 237 App Div 860), ruled that the employer was entitled to reimbursement out of claimant's schedule award at the full wage rate.

■ We first reject claimant's argument that the Fund lacked standing to appeal to the Board on the issue of full reimbursement to the employer. We agree with the Fund that it had the authority and the duty to act on behalf of its insured on this issue *(see,* Workers' Compensation Law § 84).

■ Turning to the merits, in *Matter of Ott v Green-Wood*

*Cemetery (supra)*, the Court of Appeals affirmed without opinion an order of this court which directed full reimbursement to an employer out of a schedule award for wages paid to a claimant during the period of total disability. In *Matter of Lynch v Board of Educ.* (1 AD2d 362, *affd* 3 NY2d 871), an employer sought full reimbursement out of installments of compensation due for later periods of disability for wages paid by the employer during an earlier period of disability. This court held that reimbursement was limited to the compensation rate and distinguished the *Ott* case on the basis of the difference between a schedule award and an award of weekly compensation for a period of temporary disability. In particular, we stated: "In the case of a schedule award, the weekly rate and the number of weeks specified in the schedule are simply the measure by which the total amount of the award is to be determined. The payment is not analogous to the payment of weekly compensation for temporary disability. Liability for the schedule award comes into existence on the date of the accident. The payment of the schedule award is not allocable to any particular period of disability. Therefore it was properly held in the *Ott* case that the total wages paid by the employer constituted an advance payment of compensation against the total schedule award. It is a very different thing, however, to say that wage payments in excess of the compensation rate paid during a particular period of disability may be treated as an advance against compensation to accrue for a continuing temporary disability during a later period" *(Matter of Lynch v Board of Educ., supra,* at 365).

In *Matter of Landgrebe v County of Westchester* (57 NY2d 1, 9), the Court of Appeals also recognized this distinction, stating that: "an employer's right to reimbursement of any unreimbursed balance of 'payments * * * in like manner as wages' has come to depend on whether a schedule award was or was not made * * * If * * * an employee has received a 'schedule award', an employer who has made 'payments * * * in like manner as wages' can look to the total 'schedule award' * * * as a resource to be applied toward full reimbursement of the employer."

Since claimant herein received a schedule award, the Board correctly ruled that the employer is entitled to full reimbursement. Claimant, who remains disabled and unable to work, argues that the rule in the *Ott* case *(supra)* and its progeny should be limited to those cases where the claimant who receives a schedule award is able to return to work. While the

rationale underlying claimant's argument has a certain logic *(see, Matter of Adolf v City of Buffalo Bd. of Educ.,* 50 NY2d 871, 873-875 [Gabrielli, J., dissenting]), we find no support for it in the case law.

MAHONEY, P. J., KANE, LEVINE and MERCURE, JJ., concur.

Decision affirmed, without costs.