■ In the Matter of the Claim of JOHN W. KANE, Respondent, v MOHAWK DATA SCIENCES CORPORATION et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. ■

The central issue on this appeal is the liability of the Special Fund for Reopened Cases under Workers' Compensation Law § 25-a. On September 9, 1972, claimant sustained a compensable back injury and ultimately received an award of benefits by a decision dated January 24, 1979, at which time his case was closed with a finding of no permanency. The last payment of compensation was on February 1, 1979.

Thereafter, claimant's attending physician filed reports dated October 13, 1981 and March 10, 1982 which indicated moderate disability. Based on these reports, the Workers' Compensation Board, by decision dated July 20, 1982, ordered the case reopened under Workers' Compensation Law § 25-a and restored to a Trial Calendar for further consideration, including loss of earnings or reduced earnings subsequent to January 12, 1979 and the liability therefor. A subsequent

decision, dated February 11, 1983, finding the Special Fund liable and discharging the employer's insurance carrier was followed by further proceedings resulting in awards of temporary reduced earnings, findings as to degree of disability and related matters. These decisions were reversed or modified by the Board in the final decision appealed from, which fixed liability against the carrier on the ground that the information contained in the medical report of October 13, 1981 constituted an application to reopen within three years of the last payment of compensation (see, Workers' Compensation Law § 25-a). In that report, Dr. Benjamin Button, who had treated claimant since October 7, 1977, indicated that claimant's partial disability was permanent. He also testified at one of the hearings before the Board that it was at the time of the October 13, 1981 report that he concluded that claimant's condition was permanent. However, he also referred to another report, dated May 11, 1978, wherein he stated that claimant could never resume limited work of any kind, and further testified that there was no change in condition between the period of the two reports.

Thus, the issue distills to resolution of the question of whether the controlling determination of a change in condition should be founded upon the medical reports of Button finding permanency, but essentially no change of condition between the 1978 and 1981 reports, or upon the decision of January 24, 1979 making the initial award, closing the case and finding no permanency and the ultimate board decision appealed from finding permanency.

Although the reports and testimony of Button are conflicting, or at least ambivalent, the January 24, 1979 decision is founded upon substantial evidence and, accordingly, it is final and conclusive on the question of disability as of that point in time (see, Workers' Compensation Law § 23). Therefore, since the report of October 13, 1981 indicates a change of condition, it is sufficient to constitute an application to reopen the claim and was submitted within three years of the last payment of compensation (see, Matter of Bauman v Chili Furniture & Appliances, 59 NY2d 859; Matter of Norton v New York State Dept. of Public Works, 1 NY2d 844).

Decision affirmed, with costs to the Special Fund for Reopened Cases. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.