[728 NYS2d 838]

In the Matter of the Claim of JAMES R. FOX, Appellant, v
CROSBIE-BROWNLIE, INC., et al., Respondents. WORKERS'
COMPENSATION BOARD, Respondent.

Third Department, August 2, 2001

APPEARANCES OF COUNSEL

*Segar & Sciortino,* Rochester (*Thomas Ferrazzi Ferris* of counsel), for appellant.

*Hamberger & Weiss,* Rochester (*Paul Antonowicz* of counsel), for Crosbie-Brownlie, Inc. and another, respondents.

## OPINION OF THE COURT

SPAIN, J.

On December 1, 1997, claimant sustained a work-related injury to the middle finger of his left hand. For the six-week period from December 2, 1997 to January 13, 1998, claimant was awarded workers' compensation benefits at a moderate partial disability rate. The case was continued to consider the issues of permanency and wage expectancy for claimant, who was under the age of 25 at the time of the accident. Ultimately, the Workers' Compensation Board ruled that during the first six weeks following the injury, claimant's partial disability was temporary, claimant was thereafter classified as permanently partially disabled and his future wage expectancy should be considered in calculating the schedule loss-of-use award. The Board further ruled that the schedule award should be separated to reflect the six-week period of temporary disability and only the balance of the schedule award should be calculated using wage expectancy. The employer received a six-week credit corresponding to the period of temporary disability. On claimant's appeal, we reverse.

It is a well-settled rule that "Workers' Compensation Law § 14 (5) permits the Board to consider future wage expectancy only when calculating an award for a permanent partial disability and not a temporary disability" (*Matter of Williams v Key Serv. Corp.*, 257 AD2d 778, 779). Here, relying on this Court's decision in *Matter of Dinger v K-Mart Corp.* (246 AD2d 946), the Board extended this rule to limit the use of wage expectancy to the calculation of that portion of a schedule award that exceeds the period of a claimant's temporary disability which occurred prior to the finding of permanency. In other words, because the schedule award is based on the statutorily-prescribed number of weeks from the date of injury and here, as in *Dinger*, claimant was classified as temporarily disabled for periods subsequent to the injury and prior to the permanent partial classification, as a practical matter the schedule award appears to have encompassed periods of temporary disability. We conclude, however, that this approach fails to take into account the well-settled differences between a schedule

award and an award for temporary disability (*see, Matter of Landgrebe v County of Westchester*, 57 NY2d 1, 6-7). To the extent that *Dinger* supported this aspect of the Board's determination, we decline to follow it.

As we explained in *Matter of Lynch v Board of Educ.* (1 AD2d 362, *affd* 3 NY2d 871) and reiterated in *Matter of Briggs v Village of Hamilton* (136 AD2d 442):

> " 'In the case of a schedule award, the weekly rate and the number of weeks specified in the schedule are simply the measure by which the total amount of the award is to be determined. The payment is not analogous to the payment of weekly compensation for temporary disability. Liability for the schedule award comes into existence on the date of the accident. The payment of the schedule award is not allocable to any particular period of disability' " (*id.*, at 444, quoting *Matter of Lynch v Board of Educ., supra*, at 365).

Thus, a schedule award is "independent of the time an employee actually loses from work" (*Matter of Landgrebe v County of Westchester, supra*, at 6). "In contrast, an award for any other type of disability, whether termed a 'disability award', an 'award of weekly compensation', or a 'nonschedule award' is based on the actual period during which an employee is 'disabled from earning full wages at the work at which the employee was last employed' " (*id.*, at 6-7, quoting Workers' Compensation Law § 37 [1] [footnotes omitted]). Any view of a schedule award as including or encompassing a particular period of temporary disability is inconsistent with the foregoing principles.

Furthermore, it is established that a schedule award does not represent damages for the loss of a finger, hand, foot or other member but, instead, "[t]he award is to compensate for loss of earning power" (*Matter of Marhoffer v Marhoffer*, 220 NY 543, 546-547). It is readily apparent that the loss of earning power of a claimant who is temporarily disabled as a result of an injury which is later classified as a permanent partial disability is neither greater nor less than the loss of earning power of a claimant with the same injury who is classified as permanently partially disabled as of the date of the injury. Thus, an employer who has paid benefits at a temporary disability rate prior to the permanent partial disability classification should receive a credit or offset against the schedule award—which award runs from the date of injury (*see, Matter*

*of Briggs v Village of Hamilton, supra,* at 444)—for the benefits previously paid (*see, Matter of Landgrebe v County of West-chester, supra,* at 6).* Likewise, because the loss of earning power does not turn on when the claimant is classified as permanently partially disabled, there is no basis for calculating the schedule awards of the two claimants in such a manner that the schedule award of the claimant whose disability was initially temporary is less than that of the similarly situated claimant whose disability was classified as permanent as of the date of the injury (*cf., Matter of Williams v Key Serv. Corp.,* 257 AD2d 778, *supra* [subsequent award for permanent partial disability not a schedule loss-of-use award]; *Matter of Koutsakos v Larson,* 25 AD2d 590 [same]).

CARDONA, P. J., CREW III, MUGGLIN and ROSE, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for recalculation of claimant's entire schedule award, including the period of December 2, 1997 to January 13, 1998, to reflect the determined wage expectancy rate.

---

* Workers' Compensation Law § 15 (4-a) expressly provides for such an offset in the case of an award for temporary total disability which is not protracted. There is, however, no corresponding express provision in Workers' Compensation Law § 15 (5), which provides for temporary partial disability awards. The offset is nevertheless justified by the loss-of-earning-power nature of the award and there appears to be no basis to treat the two types of awards any differently.