■ In the Matter of the Claim of Vladimir Keselman, Appellant, v New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent. [795 NYS2d 142]—

Mercure, J. Appeals (1) from a decision of the Workers' Compensation Board, filed February 12, 2003, which, inter alia, ruled that claimant sustained a permanent partial disability, and (2) from a decision of said Board, filed August 7, 2003, which, inter alia, ruled that the employer was entitled to a credit for schedule payments made.

Claimant sustained a workplace injury in 1986 and the case was established for a right shoulder injury. Claimant thereafter sought to reopen the case, alleging that he also sustained a causally related neck injury. In a decision filed July 31, 1996, the Workers' Compensation Board affirmed the finding of the right shoulder disability, but found no causally related disability to claimant's neck. On February 5, 1998, claimant again sought to reopen, alleging that his neck condition had changed following the Board's July 31, 1996 decision. Following further proceedings, the Workers' Compensation Law Judge ruled that the Board's decision finally determined all claims prior to the application for reopening, but determined that claimant's neck injury was casually related and that he sustained a permanent partial disability. The Workers' Compensation Law Judge found that claimant's causally related neck injury had worsened since the Board's decision and awarded benefits from February 5, 1998. The Board thereafter affirmed that part of the decision. Claimant now appeals. In a separate determination, the Board also found, among other things, that the employer was entitled to credit the amount of its schedule award against the disability payments made after February 5, 1998. Claimant appeals from this decision as well.

We affirm. Substantial evidence supports the Board's determination that claimant's neck injury deteriorated following the Board's July 31, 1996 decision so as to justify the award of benefits for the period beginning February 5, 1998, when claimant filed the application for reopening (see Matter of Davis v Madden Constr. Co., 295 AD2d 826, 827-828 [2002]). Despite claimant's contention to the contrary, the award should not be modified to include any period before February 5, 1998 inasmuch as he did not establish that his neck condition had changed until his February 5, 1998 application. Although there is conflicting medical evidence regarding whether certain of claimant's cervical disks were herniated as of a September 13, 1995 MRI, the Board was free to resolve any such conflicts in the employer's favor and accord greater weight to a February

25, 1998 MRI and a medical report reflecting "an increase in the amount of degenerative changes" that were not present before that date (*see Matter of Rochel v Gardiner Manor Mall*, 259 AD2d 840, 840-841 [1999]; *Matter of Kane v Mohawk Data Sciences Corp.*, 140 AD2d 837, 838 [1988]).

Moreover, " 'payment of the schedule award is not allocable to any particular period of disability' " (*Matter of Briggs v Village of Hamilton*, 136 AD2d 442, 444 [1988], quoting *Matter of Lynch v Board of Educ. of City of N.Y.*, 1 AD2d 362, 365 [1956], *affd* 3 NY2d 871 [1957]; *see Matter of Fox v Crosbie-Brownlie, Inc.*, 284 AD2d 42, 44 [2001]) and is wholly " 'independent of the time an employee actually loses from work' " (*Matter of Fox v Crosbie-Brownlie, Inc., supra* at 44, quoting *Matter of Landgrebe v County of Westchester*, 57 NY2d 1, 6 [1982]). By contrast, "an award for any other type of disability, whether termed a 'disability award', an 'award of weekly compensation', or a 'nonschedule award' is based on the actual period during which an employee is 'disabled from earning full wages at the work at which the employee was last employed' " (*Matter of Landgrebe v County of Westchester, supra* at 6-7, quoting Workers' Compensation Law § 37 [1]). Because the employer paid the schedule award before claimant was classified with a permanent partial disability, we agree with the Board that the employer was entitled to credit such payments toward the payment of compensation for periods of actual disability. We have examined claimant's remaining contentions and find them to be without merit.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.