◼ In the Matter of the Claim of MARIE LACROIX, Respondent, v SYRACUSE EXECUTIVE AIR SERVICE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 594]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 28, 2004, which, inter alia, directed claimant's schedule award to be paid in a lump sum.

Claimant sustained work-related injuries to her left arm and filed a claim for workers' compensation benefits, which the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted. Following a hearing, a Workers' Compensation Law Judge found, among

other things, that claimant suffered a 75% schedule loss of use of her left arm and directed that the schedule award be paid in a lump sum. A panel of the Workers' Compensation Board affirmed that part of the underlying decision and the employer now appeals, contending that the Board erred in directing the lump-sum payment or, alternatively, that such payment should be commuted to present value.

We affirm. The employer contends that a schedule award made pursuant to Workers' Compensation Law § 15 (3) is an award of compensation within the meaning of Workers' Compensation Law § 25 and, as such, must "be paid periodically and promptly in like manner as wages" (Workers' Compensation Law § 25 [1] [a]) and, further, be commuted to present value in accordance with the terms of Workers' Compensation Law § 27. This argument, however, is based upon two erroneous assumptions—namely, that a schedule award is allocable to a particular period of disability and, hence, constitutes compensation in lieu of wages, which must, in turn, be paid periodically, and, further, that the foregoing statutory provisions expressly require a schedule award to be paid out over a particular period of time.

As a starting point, there simply is nothing in Workers' Compensation Law §§ 15, 25 or 27 that expressly mandates that a schedule award be paid over a defined period of time. The employer's entire argument on this point hinges upon the premise that a schedule award is akin to weekly compensation benefits or a disability award. However, almost 50 years ago, this Court recognized the now well-settled distinction between a schedule award and an award for any other type of disability. As we observed in *Matter of Lynch v Board of Educ. of City of N.Y.* (1 AD2d 362, 365 [1956], *affd* 3 NY2d 871 [1957]), the weekly rate and the number of weeks specified in the schedule set forth in Workers' Compensation Law § 15 (3) "are simply the measure by which the total amount of the award is to be determined. [That] payment is not analogous to the payment of weekly compensation for temporary disability. Liability for the schedule award comes into existence on the date of the accident." Thus, unlike an award of weekly compensation, which is based upon the actual period during which an employee is disabled from earning full wages (*see Matter of Landgrebe v County of Westchester*, 57 NY2d 1, 6-7 [1982]), "[t]he payment of a schedule award is not allocable to any particular period of disability" (*Matter of Lynch v Board of Educ. of City of N.Y., supra* at 365; *see Matter of Landgrebe v County of Westchester, supra* at 6-7; *Matter of Keselman v New York City Tr. Auth.*, 18 AD3d 974,

976 [2005], *lv dismissed* 5 NY3d 880 [2005]; *Matter of Miller v North Syracuse Cent. School Dist.*, 1 AD3d 691, 692 [2003]; *Matter of Fox v Crosbie-Brownlie, Inc.*, 284 AD2d 42, 44 [2001]). Rather, a schedule award is " 'independent of the time an employee actually loses from work' " (*Matter of Fox v Crosbie-Brownlie, Inc., supra* at 44, quoting *Matter of Landgrebe v County of Westchester, supra* at 6) and represents "an award for a dignitary loss or as a cushion against a future earning capacity at a time when the security and continuity of an ongoing employment may be gone" (*Matter of Landgrebe v County of Westchester, supra* at 10).

Simply put, the mere fact that a schedule award is computed by multiplying the weekly rate by the number of weeks specified in the schedule set forth in Workers' Compensation Law § 15 (3) does not transform the schedule award into an award of compensation that must be paid periodically and "in like manner as wages" (Workers' Compensation Law § 25 [1] [a]). It therefore necessarily follows that because a schedule award does not represent a periodical payment, there is nothing to commute to present value. Stated another way, although Workers' Compensation Law § 25 (5) (b) permits the Board, "whenever it shall so deem advisable, [to] commute . . . periodical payments to one or more lump sum payments to the injured employee . . . provided the same shall be in the interests of justice" and in the manner prescribed by Workers' Compensation Law § 27, there are no allocated future payments subject to commutation where, as here, the entirety of the schedule award presently is payable.

In conclusion, regardless of whether the Board previously may have treated a schedule award as one to be paid out over time, we are satisfied that the case law, as it subsequently has evolved, coupled with the general powers granted to the Board by Workers' Compensation Law § 25 (1) (b) and § 142 (1) regarding the time for the payment of benefits awarded, supports the Board's decision to direct that claimant's schedule award be paid in a lump sum in the first instance. The employer's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.