◼ In the Matter of the Claim of GERALD VAN HORN, Respondent, v COUNTY OF CAYUGA et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 591]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed January 6, 2006, which, inter alia, directed claimant's schedule loss of use award to be paid in a lump sum.

Claimant sustained work-related injuries to his left arm and left leg during the course of his employment as a highway superintendent with the County of Cayuga. Following a claim for workers' compensation benefits, the parties entered into a stipulation providing for, among other things, an award of benefits to claimant for a 47.5% schedule loss of use of the left arm and for a 15.8% schedule loss of use of the left leg. Based upon the parties' stipulation, the Workers' Compensation Law Judge directed payment in the amount of $75,503.88, less payments already made, to be paid in full immediately. The Workers' Compensation Board affirmed, and the County and its workers' compensation carrier now appeal contending that the Board erred when it provided for a lump-sum payment, contrary to Workers' Compensation Law § 15 (3) (u).

Relying upon the "well-settled distinction between a schedule award and an award for any other type of disability," we recently

concluded that the method of computing a schedule award pursuant to Workers' Compensation Law § 15 (3) "does not transform the schedule award into an award of compensation that must be paid periodically and 'in like manner as wages' " (*Matter of Lacroix v Syracuse Exec. Air Serv. Inc.*, 25 AD3d 967, 968-969 [2006], *lv granted* 7 NY3d 707 [2006], quoting Workers' Compensation Law § 25 [1] [a]). "[T]he schedule set forth in Workers' Compensation Law § 15 (3) '[is] simply the measure by which the total amount of the award is to be determined,' " and " '[t]he payment of a schedule award is not allocable to any particular period of disability' " (*id.* at 968, quoting *Matter of Lynch v Board of Educ. of City of N. Y.*, 1 AD2d 362, 365 [1956], *affd* 3 NY2d 871 [1957]; *see Matter of Miller v North Syracuse Cent. School Dist.*, 1 AD3d 691, 692 [2003]). With this in mind, we affirm the Board's decision.

Workers' Compensation Law § 15 (3) (u) does not compel a different result. That section requires, in relevant part, that compensation awards for "loss of use of more than one member . . . not amounting to permanent total disability . . . shall run consecutively." Contrary to the position of the County and its carrier, we do not interpret this provision as pertaining to the method of payment, but rather to the manner in which the awards, or schedules of compensation, are to run so as to permit a claimant to reap the full benefit of his or her award.

We have considered the remaining arguments raised on appeal and found them to be lacking in merit.

Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.