■ In the Matter of the Claim of MICHAEL ALLEN, Appellant, v ENTERPRISE RENT-A-CAR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [831 NYS2d 561]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed October 27, 2005, which, inter alia, ruled that the employee's workers' compensation carrier was entitled to an offset of workers' compensation benefits against the net recovery of claimant's third-party action.

On October 28, 1999, claimant was involved in a work-related motor vehicle accident wherein he sustained injuries to his neck, back, left shoulder and left arm. As a result, he filed a claim for workers' compensation benefits and also commenced a third-party personal injury action. Claimant eventually underwent left shoulder surgery on September 29, 2003 and was out of work from that date through December 5, 2003.

A Workers' Compensation Law Judge (hereinafter WCLJ) subsequently determined in March 2005 that claimant had a 20% schedule loss of use of the left arm, entitling him to 62.4 weeks of benefits. Accordingly, the WCLJ awarded claimant benefits at the rate of $400 per week for a permanent partial disability from October 28, 1999 to October 25, 2000 (51.8 weeks) and for a temporary total disability from September 23, 2003 to December 5, 2003 (10.6 weeks), the latter period representing claimant's only actual lost time from work. The WCLJ held that, while claimant's temporary total disability

award could not be considered payment in lieu of first party benefits, the permanent partial disability award did constitute payments in lieu of first party benefits and was therefore not subject to the workers' compensation carrier's offset rights under Workers' Compensation Law § 29. The Workers' Compensation Board modified the decision by determining that claimant's permanent partial disability award did not constitute payment in lieu of first party benefits, so the carrier had a right to offset the entire schedule loss of use award under Workers' Compensation Law § 29. Claimant appeals.

While a carrier is generally entitled to a lien against personal injury judgments or settlements paid to a claimant, the carrier "shall not have a lien on the proceeds of any recovery received pursuant to[Insurance Law § 5104 (a)] . . . for compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under[Insurance Law article 51]" (Workers' Compensation Law § 29 [1-a]). "First party benefits" are defined as "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle" (Insurance Law § 5102 [b]). "Basic economic loss" is limited to $50,000 covering various items, including lost wages from the first three years following the accident (*see* Insurance Law § 5102 [a]).

The Court of Appeals has held that awards for permanent partial disability which include schedule loss of use awards fall within the definition of basic economic loss and may therefore be deemed compensation in lieu of first party benefits, regardless of whether the award represents payments for lost earnings which are actual or presumed (*see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]; *Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.]*, 76 NY2d 248, 254 [1990]; *Matter of Fox v Crosbie-Brownlie, Inc.*, 284 AD2d 42, 44 [2001]). As they are in lieu of first party benefits, the carrier does not have a lien for amounts paid as part of such schedule loss of use awards unless it has paid more than $50,000 or for lost wages covering a period more than three years from the date of the accident. The weekly rate and number of weeks in the schedule are merely the measure by which an award is calculated; although a decision by a WCLJ or the Board lists the award as covering certain dates, liability for a schedule award arises as of the date of the accident and "payment of the schedule award is not allocable to any particular period of disability" (*Matter of Briggs v Village of Hamilton*, 136 AD2d 442, 444 [1988]; *see Matter of Miller v North Syracuse*

*Cent. School Dist.*, 1 AD3d 691, 692 [2003]). As the schedule loss of use award did not encompass any specific time period, the 51.8 weeks of payments provided less than wages for a three-year period and it does not appear that the carrier paid claimant more than $50,000, the portion of the schedule award pertaining to claimant's permanent partial disability constituted payment in lieu of first party benefits. Accordingly, the carrier had no lien on that portion of the schedule loss of use award.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for recalculation of the workers' compensation carrier's lien.