Peters, P.J.
Appeal from a decision of the Workers’ Compensation Board, filed April 1, 2013, which ruled that the self-insured employer was not entitled to take an offset under Workers’ Compensation Law § 29 against the schedule loss of use award.
Claimant was involved in an automobile accident while she was working for the self-insured employer. She filed an application for workers’ compensation benefits based on injuries sustained in the accident and was out of work from October 23, 2008 until December 28, 2008. A Workers’ Compensation Law Judge (hereinafter WCLJ) established her claim for work-related injuries to her right hip, right arm, neck and back, and awarded her benefits of $550 per week during the time that she was out of work. Claimant subsequently settled her third-party action with the employer’s consent. Thereafter, the parties stipulated that claimant had a 15% schedule loss of use of her right arm and a WCLJ awarded her benefits for 46.8 weeks in accordance with Workers’ Compensation Law § 15 (3) (a). The WCLJ directed the employer to pay $550 per week for the 9.4 weeks immediately following claimant’s injury, listed as temporary total disability, and $550 per week for the next 37.4 weeks, listed as permanent partial disability. In computing the net schedule loss of use award paid to claimant, the employer deducted, in addition to payments already made and counsel fees, a sum of $3,310 representing an offset from the third-party settlement. Claimant objected to the computation on the ground that the employer was not entitled to take an offset from the third-party recovery against the schedule loss of use award. The WCLJ agreed and the Workers’ Compensation Board upheld this decision. The employer appeals.
*1391 We affirm. Workers’ Compensation Law § 29 provides that a carrier or self-insured employer that pays workers’ compensation benefits has the right to offset future payments of compensation against proceeds recovered by a claimant in a third-party action as long as such payments do not constitute first party benefits made to reimburse a claimant for basic economic loss or payments made in lieu of first party benefits under the No-Fault Law (see Workers’ Compensation Law § 29 [1], [1-a], [4]; Insurance Law §§ 5102 [a], [b]; 5104 [a]; see also Matter of Brisson v County of Onondaga, 6 NY3d 273, 277-278 [2006]; Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.], 76 NY2d 248, 251 [1990]). Basic economic loss includes payments, not exceeding $50,000, for items such as lost earnings of up to $2,000 per month for three years after the date of the accident (see Insurance Law § 5102 [a] [2]; see also Matter of Brisson v County of Onondaga, 6 NY3d at 278; Matter of Figelman v Goldfarb, 257 AD2d 721, 722 [1999], lv denied 94 NY2d 753 [1999]). Payments that are considered reimbursement for basic economic loss or that are made in lieu thereof are not subject to the offset provisions of Workers’ Compensation Law § 29 (see e.g. Matter of Allen v Enterprise Rent-a-Car, 38 AD3d 970, 971 [2007], lv denied 9 NY3d 802 [2007]; Matter of Figelman v Goldfarb, 257 AD2d at 723). The dispositive question presented on this appeal is whether that part of the schedule loss of use award associated with claimant’s 9.4 weeks of lost time falls within this category, despite the fact that it was initially labeled as payment for “temporary total disability.”[1]
We conclude that it does. The employer contends that this portion of the schedule loss of use award corresponds to claimant’s actual lost time and that the offset provisions apply because the $550 weekly portion of the award exceeded the $2,000 per month threshold and represented earnings during the first 9.4 weeks (see Insurance Law § 5102 [a] [2]). However, “[t]he weekly rate and number of weeks in the schedule are merely the measure by which an award is calculated” and, “although a decision by a WCLJ or the Board lists the award as covering certain dates, liability for a schedule award arises as of the date of the accident and ‘payment of the schedule award is not allocable to any particular period of disability’ ” (Matter of Allen v Enterprise Rent-a-Car, 38 AD3d at 971, quoting Matter of Briggs v Village of Hamilton, 136 AD2d 442, 444 [1988]; see Matter of Schmidt v Falls Dodge, Inc., 19 NY3d 178, 182 [2012]). Here, regardless of how the award was labeled, claimant *1392 received only 46.8 weeks of compensation — that is, the total amount to which she was entitled for a 15% schedule loss of use award under Workers’ Compensation Law § 15 (3) (a). Inasmuch as claimant received only a schedule loss of use award, the award is not allocable to any particular time period, and the fact that the monthly rate of the award exceeded the $2,000 threshold in Insurance Law § 5102 (a) (2) is irrelevant to the employer’s right of offset.[2] Accordingly, there is no basis to disturb the Board’s decision.
Stein, Garry, Egan Jr. and Devine, JJ., concur.
Ordered that the decision is affirmed, with costs to claimant.

. On appeal, the employer concedes that the remainder of the schedule loss of use award is not subject to any offset.

. The employer contends that Matter of Allen v Enterprise Rent-a-Car (supra) expressly distinguishes between the portion of a schedule loss of use award associated with a period of temporary total disability and the portion associated with a period of permanent partial disability (id. at 970-971). However, we note that in Matter of Allen v Enterprise Rent-a-Car (supra), unlike here, the period of temporary total disability associated with certain schedule loss of use award payments occurred more than three years after the claimant’s injury, setting it outside of the statutory definition of loss of earnings from work (see Insurance Law § 5102 [a] [2]).