Matter of Robinson v Workmen's Circle Home (2018 NY Slip Op 05652)





Matter of Robinson v Workmen's Circle Home


2018 NY Slip Op 05652


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

525972

[*1]In the Matter of the Claim of BARBARA ROBINSON, Appellant, 
v
WORKMEN'S CIRCLE HOME, Respondent, and NEW YORK STATE INSURANCE DEPARTMENT LIQUIDATION BUREAU et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Fine, Olin & Anderman, LLP, New York City (Donald A. Crouch of counsel), for appellant.
Jones Jones LLC, New York City (Matthew Jones of counsel), for New York State Insurance Department Liquidation Bureau and others, respondents.



MEMORANDUM AND
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed March 9, 2017, which ruled that the employer's worker's compensation carrier was entitled to a credit against claimant's schedule loss of use award for all payments previously made.
Claimant, a certified nurse's assistant, filed a claim for workers' compensation benefits in 2011 seeking to recover for work-related injuries sustained to her right shoulder. In the years that followed, various awards of compensation were made at either the temporary partial disability or temporary total disability rate. By all accounts, claimant's disability payments ultimately totaled $133,807.48. In August 2016, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained a 42.50% schedule loss of use (hereinafter SLU) to her right arm and awarded claimant $102,494.50, "less payments already made," noting that the "[d]isability exceed[ed] the SLU [award], per record." Claimant sought review of the WCLJ's decision, contending that there was no legal authority permitting the employer's workers' compensation carrier to take a credit against the SLU award for the temporary partial disability payments previously made. The Workers' Compensation Board disagreed, finding that "there is no basis to distinguish between . . . temporary total [disability] payments and temporary [*2]partial [disability] payments" — thus concluding that "the carrier may take [a] credit for all prior [disability] payments" made to claimant. Claimant now appeals.
Claimant does not dispute that the carrier is entitled to be reimbursed for certain payments previously made; rather, claimant contends that such reimbursement is limited to the amount of temporary total disability payments made to her ($14,995.42), i.e., the carrier cannot recoup the payments made to claimant during her period of temporary partial disability ($118,812.06). We disagree.
The rationale underlying a carrier's right to take a credit against the SLU award for disability payments previously made to a claimant may be simply stated — "to limit the total amount of workers' compensation benefits received by the claimant" so as to avoid "an unjustifiable double recovery" (Matter of Page v Insulpane, Inc., 251 AD2d 767, 768 [1998]). In this regard, while it is true that Workers' Compensation Law § 15 (4-a) "expressly provides for . . . an offset in the case of an award for [a] temporary total disability [that] is not protracted" and that no corresponding language appears in Workers' Compensation Law § 15 (5), which addresses temporary partial disability awards (Matter of Fox v Crosbie-Brownlie Inc., 284 AD2d 42, 45 n [2001]), this Court consistently has held that "the schedule award is not allocable to any particular period of disability" (Matter of Newbill v Town of Hempstead, 147 AD3d 1191, 1192 [2017] [internal quotation marks and citations omitted]; accord Matter of Cruz v City of N.Y. Dept. of Children's Servs., 123 AD3d 1390, 1391 [2014], lv denied 26 NY3d 905 [2015]; Matter of Keselman v New York City Tr. Auth., 18 AD3d 974, 976 [2005], appeal dismissed 5 NY3d 880 [2005], lv denied 6 NY3d 708 [2006]; Matter of Fox v Crosbie-Brownlie Inc., 284 AD2d at 44; Matter of Briggs v Village of Hamilton, 136 AD2d 442, 444 [1988]; Matter of Lynch v Board of Educ. of City of N.Y., 1 AD2d 362, 365 [1956], affd 3 NY2d 871 [1957]). As we discern no basis upon which to treat the carrier's temporary total disability payments and temporary partial disability payments to claimant in a disparate fashion (see Matter of Fox v Crosbie-Brownlie Inc., 284 AD2d at 45 n), and in order to avoid what otherwise would be a significant windfall to claimant, we find that the Board's decision — holding that "the carrier may take [a] credit for all prior [disability] payments" — to be supported by substantial evidence. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., McCarthy, Lynch and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.