Matter of Fuller v NYC Tr. Auth. (2022 NY Slip Op 00708)





Matter of Fuller v NYC Tr. Auth.


2022 NY Slip Op 00708


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

532801
[*1]In the Matter of the Claim of Mack Fuller, Claimant,
v
NYC Transit Authority, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Jones Jones LLC, New York City (David S. Secemski of counsel) and Paige Graves, Metropolitan Transportation Authority, New York City (Steven M. Scotti of counsel) for appellant.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed July 29, 2020, which ruled, among other things, that claimant was entitled to receive schedule loss of use workers' compensation benefits.
Claimant worked for the employer for 24 years in various roles — including as a track worker, train operator and in maintenance — but is now retired. In August 2016, claimant filed a claim for workers' compensation benefits for injuries sustained while working for the employer. Following depositions and ensuing hearings, a Workers' Compensation Law Judge found that claimant had established his claim for an occupational disease to both shoulders, wrists and knees as a result of his work performed for the employer. Upon administrative review, the Workers' Compensation Board affirmed.
Thereafter, additional medical reports were submitted by the parties and depositions were conducted on the issue of permanency. Following a hearing, the Workers' Compensation Law Judge found, by decision filed December 16, 2019, that claimant suffered from a permanent partial disability resulting in a 30% schedule loss of use (hereinafter SLU) of the right hand, 35% SLU of the left arm, 30% SLU of the right arm, 40% SLU of the left leg and 37.5% SLU of the right leg. The employer sought administrative review arguing, as is pertinent here, that claimant was not entitled to receive SLU awards based upon his voluntary removal from the labor market. Upon review, the Board affirmed, finding, among other things, that voluntary removal from the labor market is not relevant to a determination on entitlement to SLU awards. This appeal by the employer ensued.
We affirm. The employer's sole argument on appeal distills to whether claimant is precluded from receiving an SLU award based upon his voluntary removal from the labor market effectuated by his retirement. Initially, an SLU award provides a formula by which compensation may be calculated for "residual permanent physical and functional impairments" involving "anatomical or functional loss" where maximum medical improvement has been reached, among other requirements (New York Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, 1.5 Schedule Awards [2012]; see Workers' Compensation Law § 15 [3]; Matter of Fox v Crosbie-Brownlie, Inc. , 284 AD2d 42, 44 [2001]; compare Workers' Compensation Law § 15 [3] [w]). It is well settled that an SLU award is designed to compensate for a claimant's "loss of earning power" as a result of the aforementioned anatomical or functional losses or impairments (Matter of Fox v Crosbie-Brownlie, Inc. , 284 AD2d at 44) and, as such, "'is not allocable to any particular period of disability'" (Matter of Briggs v Village of Hamilton , 136 AD2d 442, 444 [1988], quoting Matter of Lynch v Board of Educ. of City of N.Y. , 1 AD2d 362, 365 [1956], affd 3 NY2d 871 [1957]) and is "independent of the time an employee actually loses from work" (Matter of Landgrebe v County [*2]of Westchester , 57 NY2d 1, 6 [1982]). As such, it is axiomatic that a claimant's lack of attachment to the labor market, voluntary or otherwise, is irrelevant to a determination as to entitlement to an SLU award.
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, with costs.