**Parisien v Berkley Specialty Ins. Co.**

2025 NY Slip Op 34031(U)

October 27, 2025

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-708467-17/KI

Judge: Norma J. Jennings

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS     PART 41 NFA FINAL

---

JULES FRANCOIS PARISIEN, M.D.,
A/A/O GIBBS, TRUMANE ANTHONY,

                       *Plaintiff,*

                  -against-

BERKLEY SPECIALTY INSURANCE
COMPANY,

                   *Defendant.*

---

Index No. CV-708467-17/KI
Motion Cal. # 8-NFA Motion Seq. #1

**DECISION AND ORDER**

Recitation as required by CPLR § 2219(a) of the
papers considered in review of this Motion:

**Papers:**

P's Motion for Summary Judgment............... 1-2
D's Opposition ……………………………….....3

---

    Upon the foregoing cited papers, and after oral argument, the Decision/Order on Plaintiff's Motion for Summary Judgment is decided as follows:

    Defendant having received Plaintiff's Motion failed to object that the Motion did not have a date listed it was drafted and thus waived this objection pursuant to CPLR 2101(f). Defendant was not prejudiced and opposed the motion.

    Plaintiff's Motion for Summary Judgment is GRANTED as Plaintiff established its *prima facie* case by establishing that the benefits are overdue, by submitting proof in admissible form that the statutory claim forms were mailed to and received by the insurer. *Viviane Etienne Med. Care, P.C. v. Country-Wide Ins. Co.*, 25 N.Y.3d 498, 507 (2015) and Defendant has failed to establish to raise a triable issue of fact.

    An insurer is required to either pay or deny a claim for medical services rendered under No-Fault within 30 days from receipt of proof of the claim (e.g., the bill). A Plaintiff makes a *prima facie* showing of entitlement to a judgment as a matter of law by submitting evidence that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue. Insurance Law section 5106(a); 11 NYCRR 65-3.8(c). If the insurer seeks additional verification within fifteen (15), after receipt of claim, the thirty days is tolled until the requested information is received. 11 NYCRR 65-3.8(a)(1). Defendant, in its opposition does not deny receipt of the bills and argues the defense of policy exhaustion and Plaintiff did not provide proof of mailing or support its motion with an affidavit or evidence in admissible form. However, in support of its motion for summary judgment Plaintiff submitted an affidavit from the treating physician regarding the generation and mailing of the bills.

    Defendant failed to establish its defense of policy exhaustion, pursuant to 11 NYCRR 65.3.15 as it did not demonstrate that the policy had been exhausted at the time the claim at issue

[* 1]

was complete." *Island Life Chiropractic, P.C. v. Commerce Ins. Co.,* 56 Misc.3d 129(A) (App. Term, 2d Dep't, 2017). To meet its *prima facie* burden, an insurer must submit, competent evidence of the coverage limits of the policy, such as copies of the insurance policy and the declaration page, and a payment log listing all payments made to other healthcare providers under the subject policy, including that the policy's coverage limits were exhausted before the insurer became obligated to pay the claim at issue. *Sharp View Diagnostic Imaging P.C. v. Geico Gen. Ins. Co.,* 56 Misc.3d 129(A) (App. Term 2d Dep, 2d, 11[th] & 13[th] Dists.2017). Here, the affidavit in support submitted by Tiffany Walsh did not deny receipt of the bills but that the policy was exhausted. The only document submitted in support of their defense of policy exhaustion was the payment log listing all payments made but failed to attach a copy of the policy or the declaration page.

Further, No-Fault Automobile Insurance Law defines "first party benefits as payments to reimburse a person for basic economic loss" 5102[b] which is "all necessary expenses incurred for medical, hospital…[and] surgical…services" as well as loss of earnings from work. 5102[a][1][i]. *Matter of Johnson v. Buffalo & Erie County Private Indus. Council,* 84 NY2d 13, 18 [1994]. Defendant in its ledger included payment for medical, hospital, and surgical services as well as bodily injury settlements which do not fall within the definition of economic loss. The log also reflected payment for services dated after the dates of Plaintiff's bills which Ms. Walsh failed to address in her affidavit.

Accordingly, Plaintiff is to ENTER JUDGMENT for $3,432.93 plus statutory interest, statutory attorney's fees, costs, fees and disbursements.

This constitutes the decision and order of the Court.

Counsel for Plaintiff – Printed Name and Initials:   Oleg Rybak, Esq./OR

Counsel for Defendant – Printed Name and Initials:  Bilal Chudary, Esq./BC


Date:   October 27, 2025
        Brooklyn, New York

Honorable Norma J. Jennigs
Judge, Civil Court

ENETERED - Kings Civil Court
10/29/2025, 4:08:20 PM

a Joan Jennings